RECEIVED
FEB 2 4 2005
BY:_____

| | | |
|---|---|---|
| **BRUCE LEVITT**, et al. | * | IN THE |
| *Individually, and on behalf of all others similarly situated* | * | CIRCUIT COURT |
| | * | FOR |
| Plaintiffs | | |
| v. | * | BALTIMORE CITY |
| **FAX.COM, INC.** <br> 3101 W. Sunflower Avenue <br> Santa Ana, California 92799 | * * | |
| **JD&T ENTERPRISES, INC.** d/b/a <br> Travel To Go <br> 7964 Arjons Drive, Suite B <br> San Diego, California 92126-4392 | * * * | Case #. 24-C-01-2218 |
| and | | **WMN 05 CV 949** |
| **JEANETTE BUNN** <br> 15906 Avenida Calma <br> Rancho Santa Fe, California 920916-4150 | * * | |
| **CREATIVE MARKETING CONCEPTS, LLC** <br> 6405 El Camino Real, Suite 100 <br> Carlsbad, CA 92009 | * * | |
| <u>Resident Agent:</u> Tom Roth | * | |
| **NEIL D. LIPSKY** <br> 6965 El Camino Real, #105 <br> Carlsbad, CA 92009-4101 | * * | |
| **KEVIN KATZ** <br> 31 Lagunita Drive <br> Laguna Beach, California 92651-4237 | * * | |
| **ERIC WILSON** <br> 415 North Canon Avenue Drive <br> Sierra Madre, California 91025 | * * | |
| **THOMAS ROTH** <br> 24931 Via Sonoma <br> Laguna Niguel, CA 92677 | * * | |

Exhibit A

| | |
|---|---|
| **JEFFREY DUPREE** | * |
| 1236 Jason Drive | |
| Lompoc, CA 93436-8221 | * |
| | |
| **FRANK FRAPPIER** | * |
| 33 Encore Court | |
| Newport Beach, California 92663-2364 | * |
| | |
| **MATTHEW BUECLER** | * |
| 46 Raven Lane | |
| Aliso Viejo, California 92656-1887 | * |
| | |
| **ROBERT BATTAGLIA** | * |
| 2830 Shore Drive, Unit #6 | |
| Virginia Beach, VA 23451 | * |
| | |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiff, Bruce Levitt, for himself and on behalf of all those similarly situated, sues Defendants, adding 10 new Defendant in this Amended Complaint, and states as follows:

### PARTIES

1. Bruce Levitt is an individual who resides in Montgomery County, Maryland.

2. Fax.com, Inc. ("Fax.com") is a Delaware corporation, with no current place of business. It is the successor in interest to FaxID, Inc., a California corporation that was dissolved as of October 1, 1999. Subsequent to October 1, 1999, Fax.com succeeded to and assumed the operation of FaxID. All allegations in this Complaint that occurred prior to October 1, 1999 are directed toward Fax.com as successor in interest to FaxID. Fax.com is engaged in the business, inter alia, of sending advertisements by facsimile on behalf of others to telephone facsimile numbers provided by Fax.com. At all times relevant to the allegations in this

2

Complaint, Fax.com and FaxID, through their respective employees, directors, agents and officers, had knowledge of the existence and provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. § 227) (TCPA) and the regulations promulgated thereunder, 47 C.F.R. § 64.1200 and 68.318.

3. JD & T Enterprises, Inc. ("JD & T") is a California corporation that conducts business under the name Travel To Go ("TTG"). JD & T sells travel services, which it advertises through Fax.com by sending advertisements by facsimile.

4. JEANETTE BUNN was and is the marketing director, officer, employee and shareholder of JD&T/TTG.

5. CREATIVE MARKETING CONCEPTS, LLC is a California company created by Neil Lipski and/or Tom Roth, for which Roth serves as the agent for service of process.

6. NEIL D. LIPSKY is a male individual residing in California, who was President of Creative Marketing Concepts, LLC during the relevant to this suit, and has been an employee and/or officer of Inbouind Calls, Inc. and People2talk2.com.

7. KEVIN KATZ is a Founder and the President of Defendant Fax.com, and several other affiliate or successor entities to Fax.com, including Impact Marketing Solutions, LLC, Lighthouse Marketing, LLC, Data Research Systems, Inc., and Everglades Enterprises.

8. ERIC WILSON is a Founder and Chief Technology Officer of Fax.com, and successor or affiliated entities to Fax.com, including Tech Access Systems Corporation.

9. THOMAS ROTH is or was the Chief Financial Officer of Fax.com, and a founder and resident agent of Creative Marketing Concepts, LLC.

10. JEFFREY DUPREE is or was the head of sales at Fax.com.

3

11. FRANK FRAPPIER is or was a salesman at Fax.com.

12. MATTHEW BUECLER is or was a salesman at Fax.com.

13. ROBERT BATTAGLIA worked to locate and support Faxcaster and other equipment for Fax.com or other companies affiliated or associated with Fax.com and/or created by KEVIN KATZ and/or ERIC WILSON, including Telecom Tech Support.

## CLASS ACTION ALLEGATIONS

14. Plaintiff Levitt brings this action individually and as the representative of all members of plaintiff class pursuant to Rule 2-231.

15. The class of persons represented by Plaintiff is composed of all those persons, corporations, partnerships, unincorporated associations, or other entities who received unsolicited advertisements sent by or on behalf of Defendants by facsimile transmission to facsimile machines owned or used by the class member. Excluded from the class are those persons, corporations, partnerships, unincorporated associations or other entities who gave prior express invitation or permission to send unsolicited advertisements by facsimile prior to receiving an unsolicited advertisement by facsimile from Defendants.

16. The class as defined above is identifiable. On information and belief, Plaintiff alleges that the Class Members number in the thousands and constitute a class so numerous that joinder of all class members is impracticable. Plaintiff is a member of the class.

17. There are questions of law and fact common to the Plaintiff and to the proposed class, including but not limited to the following:

   (a) Whether Defendants violated the TCPA and FCC promulgating regulations;

   (b) Whether the facsimiles sent by Defendants constitute unsolicited advertisement;

4

(c) Whether the Plaintiff class is entitled to damages as a result of the Defendants' actions

(d) Whether Defendants are liable for unsolicited advertisements sent by facsimile advertising JD&T's services

(e) Whether the faxes sent to the class failed as required by the FCC, to clearly identify the business, entity or individual sending the faxed message

18. Plaintiff's claims are typical of the claims of the class.

19. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the proposed class, and they are represented by counsel skilled and experienced in class actions and in the TCPA and related FCC regulations.

20. The actions of Defendants are generally applicable to the class as a whole and Plaintiff and the class seek equitable remedies with respect to the class as a whole within the meaning of Rule 2-231(b)(2).

21. Common questions of law and fact predominate over questions affecting only individual members of the class and a class action is the superior method for fair and efficient adjudication of the controversy within the meaning of Rule 2-231(b)(3). The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

## JURISDICTION AND VENUE

22. The TCPA, set forth at 47 U.S.C. § 227, and the FCC's implementing regulations, set forth at 47 C.F.R. 64.1200 and 47 C.F.R. 68.318, place restrictions and prohibitions on

telemarketing and unsolicited advertisements sent via facsimile transmissions, and explicitly authorize a private right of action for violations of the TCPA, and for violations of the regulations promulgated pursuant to the TCPA.

23. Exclusive jurisdiction for private actions under the TCPA and FCC regulations is State court.

24. This Court has subject-matter jurisdiction of this case pursuant to the Courts & Judicial Proceedings Article (CJP) § 1-501 and 4-402.

25. Venue in this Court is proper pursuant to CJP § 6-201(a) and 6-202(3).

## FACTS

26. At all times relevant to this action Defendants, directly or through their agents, transmitted advertisements to other persons or entities by facsimile.

27. At all times relevant to this action Defendants send such advertisements by faxing en masse using lists of fax numbers, a practice commonly referred to as "fax blasting" or "fax broadcasting."

28. Defendants obtained the telephone facsimile numbers to which it sent advertisements by facsimile through special automated equipment that can dial numerous telephone numbers in order to determine and record if the connection is with a fax machine, called a Fax caster, and this equipment is also used to send faxes to the same numbers it identifies or obtained.

29. The purpose of the advertisements sent to the class was to promote, encourage, develop or advertise and/or otherwise advance Defendants' business and the commercial availability and quality of its products and/or services, particularly those of JD&T.

6

30. The advertisements sent by facsimile to the class were unsolicited. Defendants did not take steps to verify (1) prior consent, or (2) established business relationships with the recipients prior to sending an unsolicited advertisement by facsimile.

31. On January 24, 2001, February 14, 2001, and February 21, 2001, Plaintiff received an unsolicited advertisement by facsimile transmission sent by Defendants to promote, *inter alia*, JD & T's commercially available goods and services, including travel packages and services.

32. These unsolicited advertisements were all sent to the facsimile on Plaintiff's telephone number (301) 588-3494.

33. These unsolicited advertisements all provide a telephone number to call for reservations, (800) 208-9641. This telephone number was or is used by JD&T.

34. The unsolicited advertisements all provide a toll free telephone number, (800) 457-5410, at they bottom of the advertisement to call if a recipient desires to have his number removed from the database of fax telephone numbers. This is the toll free telephone number used or subscribed to by Fax.com, pursuant to the authority of Kevin Katz and Eric Wilson.

35. The Defendants or their agents sent, conspired to send, or aided and abetted the sending of tens of thousands of unsolicited fax ads to Maryland, including one or more faxes to each member of the Plaintiff class, to the telephone facsimile machines of Plaintiffs and/or companies they own and/or controls, without the Plaintiffs' or the recipients prior express invitation or permission or consent.

36. During 2000 Katz, Lipski and Bunn met in Bunn's office at TTG to discuss fax marketing and sending faxes for TTG

7

37. On December 1, 2000, Bunn entered into and signed a contract with Neil Lipsky and Creative Marketing Concepts, LLC to send the faxes alleged in this case.

38. Lipski has been engaged in numerous marketing activities, including Creative Marketing Concepts, LLC (CMC), which on information and belief was created by Tom Roth and Lipsky and used to send the faxes through an arrangement with Fax.com and the other Defendants.

39. Lipsky and CMC received a 70% commission for each sale made as a result of a person who responded favorably to an offer in one of the unsolicited faxes alleged in this suit.

40. Persons who bought travel packages arising out of the unsolicited faxes would call a 800 number used by CMC, and ultimately enter into a contract with both JD&T/TTG and CMC.

41. CMC and Lipski were actively involved in selling the vacation packages advertised on the faxes alleged in this suit, and both benefitted by sales therefrom.

42. Bunn and Lipski both had input into the sales script used to sell vacation packages advertised on the faxes alleged in this suit.

43. Tom Roth was and currently is the agent for service for Creative Marketing Concepts, LLC, which is currently an active California LLC.

44. The content of the faxes at issue was created by one or more salespersons at Fax.com and/or Neil Lipsky and CMC, with review and approval by Jeanette Bunn and TTG prior to sending.

45. Lipsky received mail, including phone bills for toll free numbers, at Fax.com's Aliso Viejo address during the relevant time period.

46. Eric Wilson wrote, reviewed and/or approved of programs and queries and/or oversaw the writing of computer programs or queries used by Fax.com to direct or determine where faxes

8

are sent by Fax.com, and had extensive knowledge of and control over how Fax.com sent faxes, including the faxes this suit is based on.

47. Matt Buecler and Frank Frappier were the top sales persons at Fax.com, and with Jeffrey Dupree, the head of sales at Fax.com, conspired and arranged for Fax.com to send millions of unsolicited fax for clients, including into Maryland, and including the travel faxes at issue in this suit.

48. Buecler and Frappier personally initiated thousands of faxes into Maryland, and initiated the computer sequence for sending batches of faxes to Maryland.

49. Upon information and belief Plaintiffs allege that Buecler and Frappier were the primary and only sales persons at Fax.com to handle travel fax clients, and thus primarily or wholly responsible for approving the travel faxes received by the Plaintiff class.

50. Buecler left Fax.com and created a new California company, Instant Response Marketing (IRM), which itself has engaged in violations of the TCPA, and on information and belief Frank Frappier has used or hired IRM for illegal marketing activities.

51. Kevin Katz had ultimate control over the activities of Fax.com and the affiliated entities that were used to send the faxes at issue here.

52. Katz, along with Garson, used Everglades Enterprises to funnel money from Fax.com and affiliated and related entities into various accounts, and eventually in some cases to banks outside the U.S.

53. Robert Battaglia contracted with Verizon Maryland, Inc. or other companies to subscribe to phone accounts, often in his name, to facilitate the Faxcasting, paid the bills for those accounts, and was later reimbursed by Fax.com or Kevin Katz or affiliated entities. Battaglia

9

ran a website called www.moneyforfax.com, and at some point later used a California company called Telcom Tech Support created with the aid of Katz for these activities.

54. As Fax.com's Chief Financial Officer, Roth was aware of the faxes being sent and the money made from these faxes.

55. In October 2003, Katz and Roth both met in the offices of Garry Anzaroot in Baltimore County, Maryland for business related to the sending of unsolicited faxes. Upon information and belief Plaintiffs assert Katz and Roth made and received many telephone calls to and from Maryland related to their faxing business.

56. Each of the Defendants separately and independently instructed each of the other Defendants, and instructed their own employees and agents and others to take actions that would and in fact did result in the sending of large numbers of unsolicited faxes into Maryland, including to Plaintiffs, and were aware that the database used to send faxes contained fax numbers in Maryland area codes that would be used, actively and regularly send large numbers of fax ads to MD area codes with the expectation that persons will respond favorably, thus pleasing Defendants' clients and allowing these Defendants to continue and increase their particular businesses on behalf of new and existing clients.

57. Each of the Defendants played a separate but important role in aiding and abetting the overall scheme of sending unsolicited faxes, and each profited from the scheme.

58. Defendants' actions are an invasion of privacy, unfair, abusive and deceptive practices and violate the Federal Trade Commission's Telemarketing Sales Rule, 16 C.F.R. § 310.

59. The violations alleged are part of a related, connected, intentional and systematic pattern and practice of conduct.

10

## **CAUSES OF ACTION**

60. <u>COUNT 1</u>: Defendants, or their agents, used a telephone facsimile machine, computer, or other such device to send the unsolicited advertisements to Plaintiff's telephone facsimile machine in violation of the TCPA and the FCC's promulgating regulations.

61. <u>COUNT 2</u>: Defendants, or their agents, used a telephone facsimile machine, computer, or other such device to send the unsolicited advertisements to Plaintiff's telephone facsimile machine without clearly identifying the business, entity or individual sending the faxed message, in violation of the TCPA and the FCC's promulgating regulations.

WHEREFORE, Plaintiff demands for himself, and for each member of the class:

A. <u>COUNT 1</u>: $500 damages under the TCPA, against Defendants, jointly and severally, for each unsolicited facsimile transmission sent by Defendants, or their agents, without express prior permission;

B. <u>COUNT 2</u>: $500 damages under the TCPA, against Defendants, jointly and severally, for each unsolicited facsimile transmission sent by Defendants, or their agents, without the identification required by the FCC's TCPA regulation promulgated at 47 C.F.R. § 68.318;

C. an injunction prohibiting each Defendant and/or their agents from sending facsimile transmissions soliciting goods and services without prior express consent or in any other way in violation of any state or federal law or regulation governing telephone or facsimile solicitation;

D. an injunction prohibiting each Defendant, either directly or through their agents, from using any telephone or facsimile solicitations until such time that they are and will remain in complete compliance with all state and federal laws and regulations; and

E. such further relief as justice demands.

11

## DEMAND FOR JURY TRIAL

Plaintiffs, pursuant to Maryland Rule 2-325, elect to have all issues which are capable of being tried to a jury so tried.

Respectfully submitted,

*(signature)*

Michael C. Worsham, Esq.
1916 Cosner Road
Forest Hill, Maryland 21050
(410) 557-6192

*Attorneys for Plaintiffs*

February 22, 2005

Stephen H. Ring, P.C.
Olde Towne Professional Park
316 East Diamond Avenue
Suite 102
Gaithersburg, Maryland 20877
(301) 990-4840

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 22, 2005, a copy of the foregoing Second Amended Class Action Complaint was served by first-class mail, postage prepaid on:

(1) Fax.com, Inc., 3101 W. Sunflower Avenue, Santa Ana, California 92799.

(2) JD&T Enterprises, Inc. d/b/a Travel To Go, 7964 Arjons Drive, Suite B, San Diego, California 92126-4392.

(3) The Connecticut Indemnity Company, 9 Farm Springs Road, Farmington, CT 06032

*(signature)*

Michael C. Worsham, Esq.