## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

```
BRUCE LEVITT, et al.            :
                                :
v.                              :   Civil No. WMN-05-949
                                :
FAX.COM, et al.                 :
                                :
```

### MEMORANDUM

Before the Court is Plaintiffs' Motion to Remand.  Paper No. 17.  Defendant Matthew Buecler and Jeanette Bunn filed oppositions to the motion,[1] but Plaintiffs did not reply.  Upon a review of the pleadings and the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that the motion will be denied.

This suit arises out of allegations of "fax blasting," the practice of broadly sending out unsolicited advertisements by facsimile transmission.  Plaintiff filed the original complaint in this action in the Circuit Court for Baltimore City on May 7, 2001.  On December 24, 2002, this suit was certified by the Baltimore City Circuit Court as a class action.  Shortly thereafter, that court granted a motion for summary judgment in favor of all defendants and dismissed the case.  This dismissal was subsequently reversed by the Maryland Court of Appeals.

---

[1] These same defendants filed motions to dismiss that are also pending.  Paper Nos. 9 (Bunn's) and 14 (Buecler's).  The Court stayed briefing of these motions, however, pending resolution of the motion to remand.  Consistent with this Court's previous ruling, oppositions to the motions to dismiss must be filed within 15 days of the date of this memorandum and order.

Levitt v. Fax.com, Inc., 857 A.2d 1089 (Md. 2004).  After the
case was remanded to the Circuit Court, Plaintiff filed a "Second
Amended Class Action Complaint" on February 23, 2005.  This
pleading added several new defendants, including Bunn and
Beucler, and also added new allegations specific to those
defendants.  Defendant Bunn then removed the action to this Court
on April 7, 2005, pursuant to provisions of the recently enacted
"Class Action Fairness Act of 2005" (CAFA).

Subject to other limitations not relevant here, CAFA
generally grants district courts original jurisdiction over any
class action where the aggregate amount in controversy exceeds
$5,000,000, any member of the class of plaintiffs is a citizen of
a state different from any defendant, and the plaintiff class is
100 or more in number.  See 28 U.S.C. 1332(d).  There is no
dispute that the instant suit satisfies these jurisdictional
criteria.  Plaintiff moves to remand the action on the ground
that CAFA is not applicable to this suit as it was "commenced"
prior to CAFA's enactment.

CAFA, by its express terms, only applies to civil actions
"commenced on or after the date of enactment of this Act."
Pub.L. 109-2, § 9, Feb. 18, 2005, 119 Stat. 14.  CAFA was enacted
on February 18, 2005, well after the filing of the original
complaint but well before the filing of the amended complaint
that added Defendants Buecler and Bunn.  The question before this
Court, therefore, is whether adding new defendants to a class
action can be considered the "commencement" of a civil action for

2

purposes of CAFA.

Before reaching that question, however, the Court must reiterate the legal standard under which a motion to remand is decided.  There is a long-standing rule that the removing party has the burden to establish the removability of an action to federal court.  See Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.") (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92 (1921)).  Looking to portions of the legislative history of CAFA, some courts have concluded that, for class actions removed under CAFA, Congress has shifted this burden to the party seeking remand.  See, e.g., Natale v. Pfizer, Inc., 379 F. Supp. 2d 161, 168 (D. Mass. 2005).  Defendants urge this Court to adopt a similar approach.

Notwithstanding language in the Congressional hearings that reflects a view on the part of some legislators that CAFA should be read broadly and with a strong preference for opening up federal forums for class action suits, Congress failed to include language in the statute effecting that view.  As one court has aptly observed, "[h]ad Congress intended to make a change in the law with respect to the burden of proof, it would have done so expressly in the statute. . . .  It is beyond our province to rescue Congress from its drafting errors . . . ."  Schartz v. Comcast Corp., Civil Action No. 05-2340, 2005 WL 1799414 at *7

3

(E.D. Pa. July 28, 2005).  <u>See</u> <u>also</u> <u>Judy v. Pfizer, Inc.</u>,
4:05CV1208RWS, 2005 WL 2240088 at *2 (E.D. Mo. Sept. 14, 2005)
("The omission of a burden of proof standard in the CAFA does not
create an ambiguity inviting courts to scour its legislative
history to decide the point.").  Finding nothing in the statute
to shift the burden, this Court concludes that the burden remains
on the party opposing remand.

Turning back to the question at hand, the Court concludes
that, in this instance, Defendants have met their burden.

Since the passage of CAFA, numerous courts have addressed
the issue of whether the filing of an amended complaint after
February 18, 2005, in an action that was originally filed prior
to February 18, 2005, can be considered the commencement of a
civil action.  In one of the leading decisions, Judge Easterbrook
considered the contention that an amendment to a class action
that causes a "substantial change" in the class definition
"commences" a new case.  <u>Knudsen v. Liberty Mut. Ins. Co.</u>, 411
F.3d 805, 806 (7th Cir. 2005).  Judge Easterbrook ultimately
rejected that contention but, in so doing, opined that the
addition of "a new claim for relief (a new "cause of action" in
state practice), <u>the addition of a new defendant</u>, or any other
step sufficiently distinct that courts would treat it as
independent for limitations purposes, could well commence a new
piece of litigation for federal purposes even if it bears an old

docket number for state purposes.  Removal practice recognizes
this point: an amendment to the pleadings that adds a claim under
federal law . . . <u>or adds a new defendant</u>, opens a new window of
removal."  411 F.3d at 807 (emphasis added).  Judge Easterbrook
reiterated this opinion two months later in <u>Schorsch v. Hewlett-
Packard Co.</u>, 417 F.3d 748, 749 (7th Cir. 2005) (characterizing
<u>Knudsen</u> as holding that while "routine amendment to the complaint
does not commence a new suit . . . a defendant added after
February 18 could remove because suit <u>against it</u> would have been
commenced after the effective date").

    <u>Adams v. Federal Materials Co., Inc.</u>, Civ. A. 5:05CV-90-R,
2005 WL 1862378 (W.D. Ky. July 28, 2005), is the first decision
of which this Court is aware that directly addressed the removal
of a class action based upon the addition of a new defendant
after the enactment of CAFA.  In <u>Adams</u>, the original complaint
was filed in March of 2004.  In response to the filing of a
third-party complaint by one of the defendants, the plaintiffs
amended their complaint on April 1, 2005, to add the third-party
defendant as a defendant.  The third-party defendant, now a
defendant, joined with the other defendants and removed the case
to federal court pursuant to the provisions of CAFA.  Plaintiff
moved to remand arguing, as do Plaintiffs here, that the action
commenced when the original complaint was filed in March 0f 2004.

    In denying the motion to remand, the <u>Adams</u> court relied in

part on the above-quoted language in <u>Knudsen</u>.  The court also

drew an analogy from the rules designating the commencement of an

action for statute of limitation purposes.  The court noted that

"a party brought into court by an amendment, and who has, for the

first time, an opportunity to make a defense to the action, has a

right to treat the proceeding, as to him, as commenced by the

process which brings him into court."  <u>Id.</u> at *3.[2]  This Court

finds the reasoning of <u>Knudsen</u> and <u>Adams</u> persuasive.

The only case cited by Plaintiff in support of remand is

---

[2] This analogy to the "commencement" of actions for statute
of limitation purposes also implicates the "relation back"
principles of Rule 15(c).  Under these principles as applied in
the context of the removability of a class action, a defendant
added post-enactment of CAFA would not be able to remove if: 1)
the claim asserted in the amended pleading arose out of the same
conduct as the original pleading; 2) the added party had such
notice prior to February 18, 2005, of the institution of the
action so "that the party would not be prejudiced in maintaining
a defense on the merits," and 3) the added party "knew or should
have known that, but for a mistake concerning the identity of the
proper party, the action would have been brought against the
party."  Fed. R. Civ. P 15(c).  Several courts have looked to
Rule 15(c) for guidance as to whether the filing of an amended
complaint "commences" an action for purposes of CAFA.  <u>See</u>, <u>e.g.</u>,
<u>New Century Health Quality Alliance, Inc.</u>, No. 05-055-CVWSOW,
2005 WL 2219827 (W.D. Mo. Sept. 13, 2005) (remanding case after
concluding that amended complaint adding new defendant related
back to filing of original complaint because the amendment merely
corrected a misnomer); <u>Senterfitt v. Suntrust Mort., Inc.</u>, CV
105-059, 2005 WL 2100594 (S.D. Ga. August 31, 2005) (denying
motion to remand after concluding that amended complaint defining
significantly larger class of plaintiffs cannot relate back).
Here, although Plaintiffs mention that Defendant Bunn was the
President of one of the pre-enactment defendants, they make no
argument that the newly added defendants had adequate notice that
they were intended as defendants in the original complaint.

Prichett v. Office Depot, Inc., 404 F.3d 1232 (10th Cir. 2005).[3]

Prichett is inapposite as it addressed an issue not raised here.

The removing defendants in Prichett contended that when a

preexisting state action is removed to federal court, it is

"commenced" in federal court as of the date of removal.   420 F.3d

at 1094.   The Tenth Circuit rejected that contention, observing

generally that "a cause of action is commenced when it is first

brought in an appropriate court, which here was when it was

brought in state court."   420 F.3d at 1094.   While holding that

the act of removal does not commence an action for the purpose of

CAFA, the decision provides no guidance as to whether an

amendment to the previously filed complaint might do so.   See

Plummer v. Farmers Group, Inc., CIV-05-242-WH, 2005 WL 2292174 at

*2 (E.D. Okla. Sept. 15, 2005) (rejecting similar argument to

that raised here by noting that Pritchett court was not faced

with question as to whether amendment of complaint should be

"deemed to commence a lawsuit").

For all of the above-stated reasons, the Court concludes

that Plaintiffs Motion to Remand must be denied.   A separate

order consistent with this memorandum will issue.

---

[3] This decision cited by Plaintiffs was amended and superceded by Prichett v. Office Depot, Inc., 420 F.3d 1090 (10th Cir. 2005).   The changes in the superceding opinion are immaterial to this case.

/s/
_____
William M. Nickerson
Senior United States District Judge

Dated: October 12, 2005