IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRUCE LEVITT, <u>et al.</u>           :
                                      :
v.                                    :   Civil No. WMN-05-949
                                      :
FAX.COM, <u>et al.</u>                :
                                      :


<u>**MEMORANDUM**</u>

Before the Court are motions to dismiss filed by Defendants
Matthew Buecler (Paper No. 15) and Jeanette Bunn (Paper No. 9).
While Plaintiffs never responded to the motion filed by Bunn,
Buecler's motion is now fully briefed.  Upon a review of the
pleadings and the applicable case law, the Court determines that
no hearing is necessary (Local Rule 105.6) and that both motions
will be granted.

This class action suit arises out of allegations of "fax
blasting," the practice of broadly sending out unsolicited
advertisements by facsimile transmission.  Suit was brought
pursuant to the Telephone Consumer Protection Act of 1991, 47
U.S.C. § 227 (TCPA).  Plaintiff filed the original complaint in
the Circuit Court for Baltimore City on May 7, 2001, and named
the following persons and entities as defendants: Fax.com, Inc.;
Kevin Katz, the president of Fax.com; Charles Martin, an officer
and employee of Fax.com; and JD & T, a California corporation
that sells travel services and advertised its services through
Fax.com's "fax blasting" services.  The Complaint specifically
referenced three dates on which Plaintiff and other class members

received unsolicited advertisement from Fax.com on behalf of JD &
T: January 24, 2001, February 14, 2001, and February 21, 2001.
Defendants Katz and Martin filed a motion to dismiss for lack of
personal jurisdiction which the state court granted after
Plaintiff failed to file an opposition.  Plaintiff filed an
Amended Complaint in September of 2001, reflecting the
elimination of Katz and Martin as defendants.

On December 24, 2002, the suit was certified by the
Baltimore City Circuit Court as a class action.  Shortly
thereafter, that same court granted a motion for summary judgment
in favor of all defendants and dismissed the case.  This
dismissal was ultimately reversed by the Maryland Court of
Appeals.  Levitt v. Fax.com, Inc., 857 A.2d 1089 (Md. 2004).
After the case was remanded to the Circuit Court, Plaintiff filed
a "Second Amended Class Action Complaint" on February 23, 2005.
This pleading added several new defendants, including Bunn and
Beucler, and also added new allegations specific to those
defendants.  Defendant Bunn removed the action to this Court on
April 7, 2005, pursuant to provisions of the recently enacted
"Class Action Fairness Act of 2005."  Plaintiff filed a motion to
remand the case back to the Circuit Court for Baltimore City, a
motion which this Court denied on October 12, 2005.

In Buecler's motion to dismiss, he raises the following
arguments: (1) there is insufficient basis for asserting personal
jurisdiction over him; (2) he has never properly been served; (3)
the Second Amended Complaint fails to state a cause of action as

2

to him; and (4) Plaintiff's claims as to him are barred by the
statute of limitations applicable to claims under the TCPA.  The
Court finds that Plaintiff has adequately answered the first
three grounds for dismissal.

To support the assertion of personal jurisdiction over
Buecler, Plaintiff has alleged that he has "personally initiated
thousands of faxes into Maryland," and that Buecler and another
defendant "were the primary and only sales persons at Fax.com to
handle travel fax clients, and thus [were] primarily or wholly
responsible for approving the travel faxes received by the
Plaintiff class."  Second Am. Compl. ¶¶ 48, 49.  While not
contesting that these contacts would be sufficient for personal
jurisdiction if they could be attributed to him personally,
Buecler attempts to discount those contacts with Maryland under
the "fiduciary shield doctrine," arguing that his involvement as
alleged in the Second Amended Complaint was only in his capacity
as an employee of Fax.com.  The fiduciary shield doctrine "serves
as a limitation on the reach of a long-arm statute with respect
to obtaining jurisdiction over an individual who acted solely as
a representative of a corporation, rather than on his or her own
behalf."  Christian Book Distributors, Inc. v. Great Christian
Books, Inc., 768 A.2d 719, 725 (Md. App. 2001).

Courts have held, however, that the fiduciary shield
doctrine is inapplicable when the individual has a "substantial

3

interest in the corporation." <u>Id.</u>, 768 A.2d at 725-26.   This
Court has held that "[a]n employee may have a sufficient
financial stake in the business conducted in the state by way of
commissions, dividends or other compensation directly related to
the business if the extent of the employee's financial stake is
such that it would be unfair to permit the employee to interpose
the protection of the fiduciary shield doctrine." <u>Zeman v. Lotus
Heart, Inc.</u>, 717 F.Supp. 373, 377 (D. Md. 1989).   Plaintiff has
averred that Buecler was paid by commission and, were the claims
against Buecler not to be dismissed on other grounds, the Court
would be inclined to at least allow limited jurisdictional
discovery to probe Buecler's personal stake in Fax.com's
operations.[1]

As to Buecler's claim that he was not properly served
pursuant to Maryland Rule 2-121, Plaintiff counters that under
this rule, "[s]ervice outside the State may also be made in the
manner prescribed by the court or prescribed by the foreign

---

[1] The Second Amended Complaint also alleges that Buecler
left Fax.com and formed a new California company, Instant
Response Marketing (IRM), that also engages in fax-blasting,
presumably including the sending of faxes to Maryland.   Another
exception to the fiduciary shield doctrine allows the imposition
of personal jurisdiction "where principals of a corporation
voluntarily enter the state to transact business primarily for
their personal benefit, albeit through a corporate form." <u>Zeman</u>,
717 F.Supp. at 377.   Again, were the claims against Buecler not
otherwise deficient, Plaintiff might also be permitted
jurisdictional discovery regarding Buecler's contact with
Maryland through IRM.

jurisdiction if reasonably calculated to give actual notice."
Md. Rule 2-121(a).  California rules allow for substituted
service accompanied by mailing of the service papers.  Cal. Code
of Civ. P. § 415.20.[2]  According to the Proof of Service of
Summons submitted by Plaintiff, Plaintiff's process server fully
complied with these requirements.  Furthermore, the Court is
satisfied that the manner prescribed by the California rules is
reasonably calculated to provide actual notice of the suit and,
in fact, provided that actual notice in this instance.

Beucler's argument that the Second Amended Complaint fails
to state a claim as against him relies heavily on his own

---

[2] This section provides:

> (a) In lieu of personal delivery of a copy of
> the summons and complaint to the person to be
> served as specified in Section 416.10,
> 416.20, 416.30, 416.40, or 416.50, a summons
> may be served by leaving a copy of the
> summons and complaint during usual office
> hours in his or her office or, if no physical
> address is known, at his or her usual mailing
> address, other than a United States Postal
> Service post office box, with the person who
> is apparently in charge thereof, and by
> thereafter mailing a copy of the summons and
> complaint by first- class mail, postage
> prepaid to the person to be served at the
> place where a copy of the summons and
> complaint were left. When service is effected
> by leaving a copy of the summons and
> complaint at a mailing address, it shall be
> left with a person at least 18 years of age,
> who shall be informed of the contents
> thereof. Service of a summons in this manner
> is deemed complete on the 10th day after the
> mailing.

affidavit in which he states that he was not the sales representative for JD & T.   Beucler Aff. ¶ 9-10.   Beucler notes that while Plaintiff may have alleged in the Second Amended Complaint that he was responsible for sending millions of unsolicited facsimilies into Maryland, there is no allegation specifically tying him to JD & T.   Nevertheless, accepting as true all allegations in the Second Amended Complaint and drawing all inferences in Plaintiff's favor, the Court finds that Plaintiff's allegation that Buecler was one of the two Fax.com employees "primarily or wholly responsible for approving the travel faxes received by the Plaintiff class" sufficiently links Buecler to the offending faxes.   Beucler's affidavit denying this connection is more appropriately attached to a motion for summary judgment.

While concluding that Plaintiff has successfully parried Buecler's first three thrusts, the Court finds that the fourth has reached its mark.   The statute of limitations clearly ran on the claims Plaintiff asserts in this suit before Plaintiff amended the complaint to assert claims against Buecler.

Claims under the TCPA are subject to a four year statute of limitations.   See 28 U.S.C. § 1658;[3] see also Zelma v. Konikow

_____

[3] This section provides, "Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues."

6

879 A.2d 1185, 1190 (N.J. Super. A.D. 2005) (holding that the four-year limitation period provided in 28 U.S.C. § 1658 applies to TCPA actions brought in state courts).  The specific acts about which Plaintiff complains took place on January 24, 2001, February 14, 2001, and February 21, 2001.  The Second Amended Complaint, which was the first complaint naming Beucler and Bunn as defendants was filed on February 24, 2005, four years and three days after the last offending fax mentioned in the Second Amended Complaint.

To escape the bar of limitations, Plaintiff makes several meritless arguments.  First, he contends that, because the Federal Communications Commission issued Fax.com numerous citations in late 2000 through May 2001, "Buecler certainly knew he was engaged in an illegal enterprise and could or would be sued at some time."  Opp'n 8.  Plaintiff's apparent theory that limitations is tolled by the awareness of the possibility that someone at some point would file a lawsuit has no support in the law.

Next, Plaintiff appears to raise a "relation back" argument.  Id. ("The Second Amended Complaint to some extent replaces the defunct entity Fax.com, Inc. with defendants such as Beucler . . . .").  Under Maryland law, however, relation back is not permitted when an amendment is sought to add a new defendant except in the case of a "misnomer."  Grand-Pierre v. Montgomery

7

County, 627 A.2d 550, 553 (Md. App. 1993).   The same is true
under federal law.  Locklear v. Bergman & Beving AB, 224 F.R.D.
377, 380 (D. Md. 2004) (holding that the relation back provision
of Fed. R. Civ. P. 15(c) does not apply to the naming of an
entirely new defendant in an amended complaint).   In a true
misnomer case where relation back is allowed, the new defendant
must have had "notice of his, or her, or its, intended status as
defendant within the limitations period."  Williams v. Hofmann
Balancing Techniques, Ltd., 776 A.2d 4, 22 (Md. App. 2001); Fed
R. Civ. P 15(c)(3)(B) (stating that amendment which changes the
party or the naming of a party relates back to date of original
pleading only if the added party "knew or should have known that,
but for a mistake concerning the identity of the proper party,
the action would have been brought against the party.")
Plaintiff makes no argument that this is such a case of misnomer.

    Next, without citation to any authority, Plaintiff argues
that "under a 'discovery' theory Plaintiff[] should be allowed to
name Beucler."  Opp'n 8.  Plaintiff contends that because of the
convoluted nature of Fax.com's business, "Plaintiff[] could not
have known that Beucler was the specific person responsible for
creating and/or physically sending the fax ads that form the
basis of this certified class action lawsuit."  Id.  It is
doubtful that a "discovery rule" ever could be applicable to the
accrual of a cause of action under the TCPA.  Assuming it could,

however, such a rule would certainly not be applicable under the facts presented here.

Discovery accrual rules are generally applied to claims such as those for medical malpractice where the fact that a person has been injured "may be unknown or unknowable until the injury manifests itself." Rotella v. Wood, 528 U.S. 549, 556 (2000). Under a discovery rule, "The limitations period begins to run when the claimant gains 'knowledge of circumstances which ought to have put a person of ordinary prudence on inquiry.'" Legg v. County Com'rs of Dorchester County 200 F.Supp.2d 535, 537 (D. Md. 2002) (quoting Poffenberger v. Risser, 431 A.2d 677, 680 (Md. 1981)).  Courts have stressed that in applying such a rule, "discovery of the injury, not discovery of the other elements of a claim, is what starts the clock." Rotella, 528 U.S. at 556. "As of that date, [the injured party] is charged with knowledge of facts that would have been disclosed by a reasonably diligent investigation.  The beginning of limitations is not postponed until the end of an additional period deemed reasonable for making the investigation." Lutheran Hosp. of Maryland v. Levy, 482 A.2d 23, 27 (Md. App. 1984).  Furthermore, "the party resisting application of a statute of limitations has the burden of proving that the discovery rule applies." In re Maxima Corp., 279 B.R. 180 (D. Md. 2002).

Here, the "injury," that put Plaintiff on inquiry notice was the receipt of unsolicited facsimile transmissions.  The

9

"discovery" of that injury occurred simultaneous with the "injury" itself and Plaintiff has not met his burden of showing how a reasonably diligent four-year search, commenced at the time of that injury, would not have uncovered all those potentially responsible for the transmission of the faxes.  Accordingly, the discovery rule offers no assistance to Plaintiff.

Finally, Plaintiff opines that he "may learn through discovery that they are TCPA victims of Beucler's new enterprise, IRM . . . .  Any such violation would be w[e]ll within the four year[] statute of limitations under 28 U.S.C. § 1658."  Opp'n 8. While discovery may or may not uncover new claims, that possibility does nothing to revive the claims that were brought in the Second Amended Complaint.  This suit, as currently structured, brings claims related to three transmissions from Fax.com that occurred on January 24, 2001, February 14, 2001, and February 21, 2001.  Those claims as against Buecler are clearly time barred.

Accordingly, Defendant Beucler must be dismissed from this action.  As Defendant Bunn has also raised the same limitations argument as Beucler, and as Plaintiff has not opposed Bunn's motion, the Court will dismiss Defendant Bunn as well.  A separate order consistent with this memorandum will issue.

10

/s/

_____

William M. Nickerson
Senior United States District Judge

Dated: December 1, 2005